## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION


I TAN TSAO, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.                                 CASE NO.  8:18-cv-1606-T-02SPF

CAPTIVA MVP RESTAURANT
PARTNERS, LLC d/b/a  PDQ,

     Defendant.

_____/


## O R D E R

**UPON DUE CONSIDERATION** of the Defendant's Motion to Dismiss

Plaintiff's Class Action Complaint with Prejudice (Dkt. 22), Plaintiff's Opposition

(Dkt. 36), Defendant's Reply (Dkt. 42), and the allegations of the Class Action

Complaint (Dkt. 1), the Court concludes the motion to dismiss should be granted.

## BACKGROUND

Defendant PDQ is a group of "fast casual" restaurants.  Plaintiff was a

customer.

Plaintiff filed this data breach litigation immediately after PDQ posted a

"Notice to Guests From PDQ" alerting customers of a cyber-attack by a third-party

hacker on part of the restaurant's computer-related system from May 19, 2017

until April 20, 2018. (Dkt. 1, ¶ 60). Plaintiff seeks class action status.

PDQ told its customers that credit cards and names may have been hacked

and urged them to monitor their credit card accounts and credit reports. (Dkt. 1, ¶

60). The complaint alleges that "private Customer Data was *compromised* due to

PDQ's . . . failure to properly protect the Customer Data" and "has been *exposed*

to criminals for misuse." (Dkt. 1, ¶¶ 2-3, 9) (emphasis added).

Plaintiff asserts that he purchased food at an affected PDQ on two different

occasions using two different reward payment credit cards in October 2017. (Dkt.

1, ¶¶ 28-30). Plaintiff alleges that he contacted the bank, the cards were cancelled,

thereby causing him to lose "the opportunity to accrue" rewards. Having to reset

the new payment cards on autopay, Plaintiff claims, is an additional "hassle."

(Dkt. 1, ¶ 32). He alleges that the hacker "exploited part of [PDQ's] computer-

related system and accessed and/or acquired personal information from some of

[PDQ's] customers." (Dkt. 1, ¶ 57). The personal information included

cardholder names, account numbers, car verification codes, and "pins" for debit

cards. (Dkt. 1, ¶ 20).

With respect to the harm suffered, the complaint alleges that PDQ's actions

or inaction, and the data breach, placed Plaintiff and putative class members "in

imminent, immediate and continuing increased *risk of harm* from identity theft and identity fraud" which required them to take *time* to correct.  (Dkt. 1, ¶ 80) (emphasis added).  Plaintiff continues that PDQ's actions caused "the theft and dissemination into the public domain" of Plaintiff's and the class members' customer data.  (Dkt. 1, ¶ 81).  Plaintiff seeks damages for suffering and economic loss for "impending injury flowing from potential fraud and identity theft," loss of privacy, the value of their lost time cancelling credit cards, the loss of cash back rewards, and the "stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach."  (Dkt. 1, ¶ 81).

Defendant requests dismissal on two valid grounds: lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1); and failure to state a claim for relief under Rule 12(b)(6).

## ARTICLE III STANDING

To meet the pleading standard for standing under Article III, a plaintiff must first allege sufficient facts to show the injury in fact is "concrete and particularized and actual and imminent, not conjectural or hypothetical."  *See Spokeo v. Robins*, — U.S. —, 136 S. Ct. 1540, 1548, 194 L.Ed.2d 635 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).  The plaintiff bears the burden of establishing injury in fact.  *FW/PBS,*

*Inc. v. Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). Under a

facial attack to standing, as in this case, the allegations of the complaint must be

accepted as true. *See McElmurray v. Consolidated Government of Augusta –*

*Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "[T]he plaintiff is left with

the safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss

for failure to state a claim is raised." *McElmurray*, 501 F.3d at 1251 (citation

omitted).

Plaintiff's complaint fails to allege any facts showing he has suffered an

injury in fact. He has not alleged "an invasion of a legally protected interest that is

concrete and particularized and actual or imminent, not conjectural or

hypothetical." *Spokeo,* 136 S. Ct. at 1548 (internal quotations omitted). The

"threatened injury must be *certainly impending* to constitute injury in fact and . . .

[a]llegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l*

*USA,* 568 U.S. 398, 409, 133 S. Ct. 1138, 185 L.Ed2d 264 (2013) (internal

quotation marks omitted) (emphasis in original). Plaintiff alleges only speculative,

not actual, identity theft. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1323 n.1

(11th Cir. 2012) (finding plaintiffs adequately pled an injury in fact because they

alleged "actual" and "not speculative" identify theft); *Burrows v. Purchasing*

*Power, LLC*, No. 1:12-cv-22800-UU, 2012 WL 9391827, at *2 n.5 (S.D. Fla. Oct.

18, 2012) ("The clear implication [from *Resnick*] is that . . . a plaintiff who alleges only speculative harm would not have standing[.]").

Plaintiff alleges that his private data was "compromised" and "exposed to" criminals for future misuse. Not once does he allege that his credit cards were used in any way by a thief or that his identity was stolen. He alludes to the "imminent . . . risk of harm" and "impending injury" that he will suffer from potential fraud and identity theft. As to damages, he points to his lost time in alerting his bank of the potential compromise to two credit reward cards, the loss of his cash back reward accrual from the time he cancelled his cards to the time they were reissued, and the inconvenience, hassle, and nuisance of monitoring the situation caused by the data breach. These allegations amount to speculation of future, potential injury at best. *De minimus non curat lex.*

To the extent Plaintiff alleges in a conclusory fashion that he and other class members have suffered "actual harm" as a result of the data breach, he fails to include any factual specificity regarding the date or nature of any injuries, actual misuse of the credit card information, or the monetary value associated with any such purported misuse of the information. Plaintiff has not identified a single specific, concrete injury in fact that he or anyone else has suffered as a result of any misuse of customer credit card information stemming from the PDQ data

breach.  Evidence of a data breach, without more, is insufficient to satisfy injury in

fact under Article III standing and requires dismissal of the complaint.  *See*, *e.g.*,

*Stapleton v. Tampa Bay Surgery Ctr., Inc.*, No. 17-cv-1540-T-30AEP, 2017 WL

3732102, at *3 (M.D. Fla. Aug. 30, 2017) ("Something more than the mere data

breach must be alleged before Plaintiffs can show they have a substantial risk of

injury."); *Torres v. Wendy's Co.*, 195 F.Supp.3d 1278 (M.D. Fla. 2016)

("Plaintiff's alleged harm is highly speculative based on the facts [potential fraud

and future identity theft based on data breach] and the asserted injuries do not

appear 'certainly impending' under *Clapper*."); *Pankey v. Aetna Life Ins. Co.*, No.

6:16-cv-1011-Orl-37GJK, 2017 WL 1089330 (M.D. Fla. Mar. 23, 2017)

(concluding threats of future harm are too conclusory and speculative to establish

standing and citing *Torres* and *Resnick*).

    Article III standing "limits the judicial power of the United States to the

resolution of cases and controversies."  *Dimaio v. Democratic Nat'l Committee*,

520 F.3d 1299, 1301 (11th Cir. 2008) (quoting *Valley Forge Christian Coll. v.*

*Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471, 102 S.Ct.

752, 70 L.Ed.2d 700 (1982) (internal quotation marks omitted).  "Standing is a

threshold jurisdictional question which must be addressed prior to and

independent of a party's claims."  *Dimaio*, 520 F.3d. at 1301.  The one named

Plaintiff in this class action law suit has not suffered an injury in fact. Plaintiff has alleged no actual theft of personal information or actual misuse of stolen data. His claims are based on fears of hypothetical future harm that are not certainly impending. Consequently, the complaint must be dismissed without prejudice for lack of subject matter jurisdiction.[1]

ACCORDINGLY, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Class Action Complaint (Dkt. 22) is granted. Plaintiff's Complaint is dismissed without prejudice, and the Clerk is directed to enter a judgment of dismissal without prejudice. The Clerk is directed to terminate any pending motions/deadlines and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on November 1, 2018.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

---

[1] "Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on *only* the jurisdictional grounds. The dismissal is without prejudice." *Dimaio*, 520 F.3d at 1302 (quoting *Boda v. United States*, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983)).